UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REMO HARRISON DANIELS,

                Plaintiff,

v.                                                   Case No. 17-cv-1080-pp

BRIAN FOSTER, *et al.*,

                Defendants.

**ORDER DENYING MOTION TO ORDER
VIDEO FOOTAGE REVIEW (DKT. NO. 62)**

The plaintiff is representing himself. On December 28, 2018, the court received a motion from him, asking the court to issue an order allowing him to review video footage. Dkt. No. 62. He says that the defendants' lawyer sent the video footage to the wrong institution, and that the "institution helper for the Department of Corrections, Ms. Jodi Pertty," is not letting him review the video footage. Id. at 1. He notes that he has a motion deadline coming up and says that the fact that the institution isn't allowing him to review the footage is taking up the time he needs to prepare his motion. Id. (The court assumes that the plaintiff is referring to the deadline for filing dispositive motions, which is March 25, 2019. See Dkt. No. 60.) The plaintiff says that he has written to Ms. Pertty several times with no response, and that his unit manager has contacted Pertty many times, without success. Id. at 1. He indicates that it is now time for the court to get involved. Id.

1

On January 17, 2019, the defendants responded to the plaintiff's motion, asserting that the plaintiff's motion really constitutes a motion to compel production of discovery under Federal Rule of Civil Procedure 37. Dkt. No. 64 at 1. The defendants argue that the plaintiff has not complied with the requirements of this court's Civil Local Rule 37 (requiring that a party first try to resolve any discovery disputes by communicating directly with the other side to work things out without court involvement, and requiring a party filing a motion to compel to attach to that motion proof that he has tried to work things out with the other side). Id. The defendants also admit that they mistakenly sent the video footage to the wrong institution, but explain that they then sent it to the right place (Green Bay Correctional Institution) and that they notified the plaintiff of that fact. Id. They indicate that, while the plaintiff "apparently had technical difficulties reviewing the video at Green Bay . . . another reviewing session has been set up for him to review the video." Id. at 1-2. They advise the court that it should direct the plaintiff that he should first write to defense counsel (Attorney Samuel T. Berg) and ask for help resolving any discovery problems before he files any other motions with the court. Id. at 2.

The next day—January 18, 2019—the court received a letter from the plaintiff. Dkt. No. 65. The plaintiff says that he has been trying to work with the defendants to review the video footage, but that "it's not working out like the other 2 pending cases" that he has. Id. at 1. In this letter, the plaintiff alleges that the defendants have not given him the "correct video footage" that

2

he asked for. Id. He says that the defendants are "trying to time" him; the court thinks what he's trying to allege is that the defendants have footage of the alleged sexual assault of the plaintiff, but that they won't turn it over because they fear it will allow him to prove his case. Id. He says that the defense lawyers are "playing games by sending [him] video footage that are cut's video, and video that show nobody in them [] or no movement," and asks, "why send me that." Id. at 2. He says he's told the defendants that Beahm's alleged sexual assault of the plaintiff was on video, but that the defendants are telling him that they don't "have the[] video footage." Id. The plaintiff alleges that he wrote to the defendants on January 16, 2019, that that was the last time, and that he's done his best; he says he has filed many motions to protect video footage and that they all have failed. Id. The plaintiff also offers that he is willing to settle the case, because litigation would be a long fight, and he says that "all they got to do is say they wrong and Sgt. Beahm mess-up and assault [him]." Id. He concludes by saying that in his two other cases, Case Nos. 17-cv-681 and 18-cv-680, the magistrate judge has assured him that the defendants know that they are obligated to preserve and turn over evidence, but the plaintiff says the defendants have not done so. Id. at 3.

The motion the court received on December 28, 2018 was, in fact, a motion to compel, and as the defendants point out, it did not comply with Civil L.R. 37. This is because it did not contain a statement from the plaintiff, describing the efforts he'd made to work out his dispute with the defendants. It appears that between December 27, 2018, when the plaintiff wrote that motion,

3

and January 17, 2019, when the plaintiff wrote his follow-up letter, he *did* receive and have an opportunity to look at the video footage, because in his letter, his allegations have changed. In the motion he said that while the defendants had provided him the footage at Green Bay, he hadn't been able to view it (due to someone who works at Green Bay, not due to anything the defendants did). In his letter, he says that he thinks the defendants have not given him the right footage (which implies that he's seen the footage they *did* provide), that the defendants are telling him they don't have footage showing a sexual assault, and that they gave him video that is "cut," that shows no one in it or that shows no movement.

The court will not grant the plaintiff's motion to compel, partly because it did not comply with Civil L.R. 37, and partly because the plaintiff concedes that the defendants have provided him with video footage. As to the plaintiff's claim that the defendants gave him the *wrong* video footage (a claim he makes in a letter, and not in a proper motion), the plaintiff seems to believe that because the video footage he received does not show the sexual assault that he alleges occurred, the defendants must either be withholding damning footage or must have tampered with the footage they did send him. The plaintiff's assumption that the alleged assault was captured on video is not enough to show that the defendants—particularly their lawyers, who are officers of the court—are engaging in misconduct. Unless the plaintiff has proof (beyond his belief that the alleged assault must have been captured on video) that the

defendants have not given him relevant evidence, or have tampered with the evidence they did give him, the court will not take any further action.

If the plaintiff has proof—if, for example, he says that he asked for all video from a specific camera outside a specific cell for a specific time frame on a specific date, and he did not get that video or an explanation for why he did not get it—then the plaintiff can write to Attorney Berg and explain exactly what he wanted and ask why he did not get it. If the plaintiff does that, and does not receive a satisfactory explanation, then he can file a motion to compel—*with* proof of how he tried to work things out with the defendants. Otherwise, he is not entitled to relief.

Finally, as to the plaintiff's comments that he is willing to settle the case, and that all the defendants have to do is admit that Beahm did what the plaintiff alleged: the plaintiff needs to understand that every lawsuit involves a disagreement between people. The whole point of a lawsuit is that the defendants likely do not agree with the plaintiff's version of events, if they did agree, we likely would not have a lawsuit. That is why we exchange discovery, and file motions, and eventually have a trial. Someone will have to decide whether the defendants did what the plaintiff says they did. If the defendants want to try to work out a settlement with the plaintiff, they are always free to do that, and they know how to do it. The plaintiff is always free to ask the defendants to talk about a possible settlement. But this court does not order people to settle cases, and it does not decide whether the defendants did what the plaintiff says they did. The plaintiff should accept the fact that we will

continue with the process of discovery and motions unless and until the parties either settle the case, or the court decides the case on a motion or a jury decides the case.

The court **ORDERS** that the plaintiff's motion to compel is **DENIED**. Dkt. No. 62.

Dated in Milwaukee, Wisconsin, this 23rd day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**